Case 2:18-cv-00001   Document 12   Filed on 03/14/18 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
March 14, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID TYRONE THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-1 |
| | § | |
| RICARDO TORRES, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS CASE**

Plaintiff David Tyrone Thomas is a Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A.

For purposes of screening, the undersigned recommends that Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for the reasons set forth below. The undersigned recommends further that the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

## I.      JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.     PROCEDURAL BACKGROUND

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the Clements Unit in Brazoria, Texas.  A review of this Court's records reveals that Plaintiff was convicted on December 18, 2006 of possession with intent to distribute approximately 6.91 grams of cocaine and sentenced to twenty-one months in prison.  (*USA v. Thomas*, Criminal No. C-06-259 (S.D. Tex. 2006), D.E. 19).  Plaintiff is currently serving the following sentences out of Kleberg County: (1) a twenty-year sentence for evading arrest; (2) a twenty-five year sentence for tampering with evidence; and (3) a twenty-year sentence for evading arrest with a prior conviction.  Plaintiff was sentenced for each conviction on January 11, 2017.

On December 19, 2017, Plaintiff filed this civil rights action in the Galveston Division of this Court.  (D.E. 1).  On January 2, 2018, United States District Judge George C. Hanks transferred Plaintiff's action to the Corpus Christi Division.  (D.E. 5). In this action, Plaintiff sues the following defendants: (1) Chief Ricardo Torres, Kingsville Police Department; (2) Kleberg County Sheriff Ed Mata; (3) Kleberg County Sheriff Kirk Patrick; (4) James Craig, Naval Intelligence Secret Service; and (5) Gus Ruiz, SWAT team member.  Plaintiff generally alleges that the Defendants violated his

constitutional rights during the course of his arrest on February 19, 2006 in Kleberg County, Texas. Plaintiff seeks "damages."

On January 3, 2018, Plaintiff was ordered to file a More Definite Statement. (D.E. 7). Plaintiff submitted his More Definite Statement on January 22, 2018. (D.E. 9). A *Spears*[2] hearing was conducted on February 26, 2018. The following representations were made either at the *Spears* hearing or in Plaintiff's original complaint (D.E. 1) and More Definite Statement (D.E. 9):

Plaintiff testified that, pursuant to an arrest warrant, he was arrested on February 19, 2006 in Kleberg County on charges of aggravated assault with a deadly weapon on a public servant, possession of drugs with intent to distribute, and resisting arrest. Plaintiff was twenty-years old at the time of this arrest. Plaintiff's arrest occurred in conjunction with a joint task force investigation called "Operation Tsunami." The joint task force consisted of naval intelligence, the Federal Bureau of Investigations (FBI), the U.S. Marshals, and the Kleberg County Sheriff's Department.

Plaintiff, who was in the passenger seat of an automobile at the time of the arrest, testified that officers directed him to exit the automobile with his hands raised. Plaintiff alleges officers grabbed Plaintiff and threw him to the ground. The officers communicated to Plaintiff words suggesting that Plaintiff was resisting arrest. The officers then reportedly kicked and punched Plaintiff all over his body. As a result of

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

these actions, Plaintiff suffered bruises to his face and was bleeding. Plaintiff also alleges certain officers took illegal pictures of Plaintiff.

Plaintiff identified Sheriff Patrick and SWAT team member Ruiz as actively participating in the assault. Plaintiff stated that Chief Torres, Naval Intelligence Officer Craig, and Sheriff Mata watched the assault and failed to intervene. Following the assault, Plaintiff was handcuffed and placed in the back of a patrol car. According to Plaintiff, a lieutenant subordinate to Sheriff Patrick jumped in the patrol car and began choking Plaintiff while he was in handcuffs.

Shortly after he was arrested and taken into custody, Plaintiff appeared before the magistrate judge. Plaintiff was released on bond a couple of days later. Plaintiff never received any information about the charges after he was released on bond. In 2014, Plaintiff filed a state court action in Kleberg County (Cause No. 14-583-C), in which he asserted claims arising from his arrest on February 19, 2006. Plaintiff's application to proceed *in forma pauperis*, however, was denied by the Kleberg County district court in 2016. Plaintiff now seeks to pursue these claims before this Court.

### III. LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state

a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

### IV.   DISCUSSION

Plaintiff claims that he was subjected to excessive force on the day of his arrest on February 19, 2006. In liberally construing Plaintiff's allegations, he also appears to claim he was falsely arrested and taken into custody on February 19, 2006, in violation of the Fourth Amendment. In determining whether to retain or dismiss Plaintiff's claims, it is necessary to consider whether they are barred by the running of the applicable statute of limitations.

Federal civil rights actions instituted in Texas, such as those brought pursuant to § 1983, are deemed analogous to personal injury claims, and, therefore, the applicable limitations period is the two years fixed by Tex. Civ. Prac. & Rem. Code § 16.003(a). *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Accrual of a § 1983 claim is governed by federal law. *Hitt v. Connell*, 301 F.3d 240, 246 (5th Cir. 2002). A cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Excessive force claims generally accrue on the date when the force is inflicted. *See Price v. City of San Antonio*, 431 F.3d 890, 893-94 (5th Cir. 2005); *Armstrong v. Serpas*, 670 F. App'x 851, 852 (5th Cir. 2016). Plaintiff's allegations in this case reflect that he had knowledge of all pertinent facts of his excessive force claim at the time he was assaulted on February 19, 2006 and suffered injury as a result. While Plaintiff could not explain whether the charges leading to his arrest on February 19, 2006 were ever dismissed, the Fifth Circuit Court of Appeals nevertheless recognizes that pending criminal charges do not operate to delay accrual of an excessive force claim arising from an arrest. *See Price*, 431 F.3d at 894 n.8 (holding that the pending charge for interfering with public duties by interfering with an officer's weapon did not keep excessive force claim from accruing); *Humphreys v. City of Ganado, Texas*, 467 F. App'x 252, 255 (5th Cir. 2012) (concluding that plaintiff "became aware of the injuries upon which his claims for excessive force, assault and battery, unreasonable search and seizure, and false arrest [we]re based on the day that those injuries occurred," not when charges of attempted murder and aggravated assault with a deadly weapon were dismissed due to insufficient evidence).

Plaintiff filed this civil rights action on December 19, 2017, over eleven years after the events regarding his excessive force claims occurred. Because Plaintiff's

excessive force claims accrued on the day of his arrest on February 19, 2006, they are time barred pursuant to the running of the applicable two-year statute of limitations.

The undersigned now turns to consider Plaintiff's false arrest claim. In a § 1983 claim arising from a false arrest or false imprisonment in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, the statute of limitations "begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). In other words, "the limitations period begins to run when the suspect's 'false imprisonment c[omes] to an end,'" which occurs when the suspect is detained pursuant to a legal process such as making an appearance before a magistrate. *See McGuire v. Larpenter*, 592 F. App'x 272, 275 (5th Cir. 2014) (citing *Wallace*, 549 U.S. at 389).

Plaintiff testified at the *Spears* hearing that he was arrested and taken into custody on February 19, 2006. Plaintiff appeared before the magistrate judge shortly thereafter and was released on bond a couple of days after his arrest. Plaintiff's allegations make clear that he was detained pursuant to legal process within a couple of days after his February 19, 2006 arrest. *See Reed v. Edwards*, 487 F. App'x 904, 906 (5th Cir. 2012) (concluding that "a bond hearing satisfie[s] the definition of legal process within the meaning of *Wallace*"); *Laborde v. Lunceford*, No. 6:10cv30, 2010 WL 3238311, at *3 (E.D. Tex. Aug. 13, 2010) ("Being bonded to appear is sufficient legal process to begin running the statute of limitations under a Fourth Amendment false arrest claim"). Thus, Plaintiff's false arrest claim accrued days after he was arrested on February 19, 2006,

when he bonded out of custody. His false arrest claim, therefore, has long since been barred by the running of the two-year limitations period.

At the *Spears* hearing, Plaintiff testified that his long delay in filing this action was due to: (1) his concerns that the statute of limitations had not run on any criminal charges associated with his February 19, 2006 arrest; (2) his belief he could not pursue a civil action until the statute of limitations on the criminal conduct had expired; and (3) his belief he could not pursue two federal civil actions at the same time. As to his last point, Plaintiff indicated that he had filed other federal civil rights actions on unrelated matters over the last ten years.

Liberally construed, Plaintiff argues that the applicable statute of limitations period for his claims should be equitably tolled. "Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "Texas courts sparingly apply equitable tolling and look, *inter alia*, to whether a plaintiff diligently pursued his rights; litigants may not use the doctrine to avoid the consequences of their own negligence." *Myers v. Nash*, 464 F. App'x 348, 349 (5th Cir. 2012).

Plaintiff's allegations wholly fail to indicate that he acted with diligence to pursue his rights in connection with the events occurring on February 19, 2006. Rather, Plaintiff's delay in filing this action was due to his desire not to instigate the state authorities to pursue the state charges against him and due to his own misunderstandings and lack of knowledge about the legal process as to when he could pursue his claims. *See Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (holding that plaintiff's

unfamiliarity with the legal process during the filing period does not warrant equitable tolling). Plaintiff's allegations, therefore, are insufficient to suggest any ground for equitably tolling the applicable two-year statute of limitations period. Accordingly, the undersigned respectfully recommends that Plaintiff's claims of excessive force and false arrest be dismissed with prejudice as time barred.

## V. CONCLUSION

Because Plaintiff's claims are time barred by the running of applicable two-year statute of limitations, it is respectfully recommended that Plaintiff's complaint be **DISMISSED with prejudice** for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). It is recommended further that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of Court be **INSTRUCTED** to send notice of this dismissal to the "Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

ORDERED this 14th day of March, 2018.

                                                                              _____
                                                                              Jason B. Libby
                                                                              United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).